## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 25-178 |
| | * | |
| JAYMER FERRELL, | * | |
| | * | |
| Defendant. | * | Hon. Mark R. Hornak |
| | * | |

### SENTENCING MEMORANDUM

Jaymer Ferrell is scheduled for a combined Change of Plea and Sentencing hearing on April 7, 2026. Mr. Ferrell intends to plead guilty to violating 49 U.S.C. § 46506 and 18 U.S.C. § 661, with the value of the property taken not exceeding $1,000.  Both the government and defense counsel have calculated Mr. Ferrell's advisory guideline range as 0-6 months. Mr. Ferrell is requesting a sentence of one year of probation and believes that sentence is sufficient but not greater than necessary to fulfill the purposes of sentencing under 18 U.S.C. § 3553(a).

### I.    Application of 3553(a) Factors

This Court has "broad discretion" in imposing a sentence. *United States v. Booker*, 543 U.S. 220, 233 (2005). The Guidelines are one of many factors set forth in 18 U.S.C. § 3553(a) this Court must consider but it may not presume a sentence within the Guidelines is appropriate. *Gall v. United States*, 552 U.S. 38, 50 (2007). Pursuant to Title 18, United States Code, Section 3553(a), a court, in determining the sentence to be imposed, must also consider (1) the nature and circumstances of the offense and the history and characteristics of the

defendant, (2) the need for the sentence imposed, (3) the kinds of sentences available, (4) the kinds of sentence and the sentencing range established under the Guidelines, (5) any pertinent policy statement under the Guidelines, (6) the need for unwarranted sentencing disparities, and (7) the need for restitution. 18 U.S.C. § 3553(a). The Court must consider all of these sentencing factors and be guided by the statute's overarching "parsimony provision," *United States v. Olhovsky*, 562 F.3d 530 (3d Cir. 2009), which requires the Court to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes of sentencing." 18 U.S.C. § 3553(a). A sentence of one year of probation is sufficient but not greater than necessary in this case.

### A. The Nature and Circumstances of the Offense

Mr. Ferrell will be pleading guilty to one count of 49 U.S.C. § 46506 and 18 U.S.C. § 661, with the value of the property taken not exceeding $1,000, a misdemeanor offense. Mr. Ferrell is not disputing the allegations brought against him by the government and fully accepts responsibility for his actions.

### B. Mr. Ferrell has been doing exceptionally well on pretrial release

Mr. Ferrell has been on pretrial release since July 2025. At the time of the offense, Mr. Ferrell was suffering from substance abuse. However, since his arrest, he has been enrolled in treatment at Crossroads Treatment Center and has been compliant with the program to date.[1] According to Mr. Ferrell's supervising pretrial services officer, Daniel Lockwood, Mr. Ferrell has been doing

---

[1] Exhibit A, Letter from Alex Gaudiosi, Care Manager at Crossroads.

very well with his recovery. Mr. Lockwood informed defense counsel that on the date Mr. Ferrell was released from incarceration last July, he tested positive for multiple substances during a drug screen. However, since that initial test—and following his involvement with Crossroads—Mr. Ferrell has consistently tested negative for all illegal substances on every subsequent drug test.

In addition to focusing on his recovery, Mr. Ferrell has secured multiple jobs. Mr. Ferrell is working as a driver for Uber Eats and was just recently hired by R&R Logistics, where he will be employed as a driver doing Amazon deliveries.[2] Mr. Ferrell is also in the process of starting his own lawn care and pressure washing business—Klean Koncrete.

Mr. Ferrell has been working hard to help financially provide for his children. He has a newborn daughter that lives locally, and a three-year-old son that lives in Atlanta, Georgia. Mr. Ferrell provides child support payments to his son and is in the process of trying to get partial custody so that he can be more involved in his son's life.

### C. The Advisory Guideline Range

The advisory guideline range is 0-6 months imprisonment. A sentence of probation is appropriate in this case. The Supreme Court has recognized "[p]robation is not granted out of a spirit of leniency" and it is not merely "letting an offender off easily." *Gall*, 552 U.S. at 48 n.4 (citation and internal quotations omitted). Rather, "probation or parole conditions imposed on an individual can have a significant impact on both that person and society . . . ." *Id.*

---

[2] Exhibit B, Email detailing hiring steps through R&R Logistics.

Accordingly, "[i]n view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effect on individuals sentenced, their family, society and our economy, parsimony in incarceration is to be prized." *United States v. Ramirez*, 2018 WL 1221129, at *3 (E.D.N.Y. Mar. 8, 2018). A sentence of one year of probation is an appropriate resolution in this case.

### Conclusion

For all these reasons, Mr. Ferrell respectfully requests the Court sentence him to one year of probation.

Respectfully submitted:

/s/ *Liz Patton*

Liz Patton
Assistant Federal Public Defender