

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania  15219*                    *412/644-3500*

February 16, 2026

Elizabeth Patton, Esquire
Federal Public Defender
1001 Liberty Avenue, Suite 1500
Pittsburgh, PA 15222

Re:    United States of America v.
       Jaymer Ferrell
       Criminal No. 25-178

Dear Ms. Patton:

This letter sets forth the agreement by which your client, Jaymer Ferrell, will enter a plea of guilty in the above-captioned case.  The letter represents the full and complete agreement between Jaymer Ferrell and the United States Attorney for the Western District of Pennsylvania.  The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Jaymer Ferrell will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq.  The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

A.    The defendant, Jaymer Ferrell, agrees to the following:

1.    The defendant will enter a plea of guilty to a lesser included offense at Count One of the Indictment at Criminal No. 25-178, that is, the defendant will enter a plea of guilty to violating 49 U.S.C. § 46506 and 18 U.S.C. § 661, with the value of the property taken not exceeding $1,000, pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

## LIMITED OFFICIAL USE

Page 2

2.    The defendant will pay mandatory restitution under 18 U.S.C. §§ 3663, 3663A, and 3664, to the victims and/or other persons or parties authorized by law in such amounts as the Court shall direct.

The defendant agrees that restitution and any other financial obligations imposed by the Court are due and payable immediately after the judgment is entered, and subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payments due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

Upon request of the United States, the defendant agrees to provide all information regarding the defendant's income, assets and financial status, and that of the defendant's household. If requested, the defendant agrees to submit to an interview and/or deposition as to these matters and to undergo a polygraph examination. Upon request, the defendant agrees to complete a sworn financial statement and to provide all documents under the defendant's possession or control regarding the defendant's financial resources. The defendant authorizes the United States to obtain a credit report pertaining to the defendant.

3.    The defendant will immediately notify the Court and the United States of any improvement in the defendant's economic circumstances that might increase the defendant's ability to pay restitution and that occurs from the date of this agreement until the completion of the defendant's sentence, including any term of supervised release.

4.    The defendant hereby agrees that all the electronic devices seized from the defendant, and currently in the custody and/or control of the government, were properly seized by law enforcement. The defendant agrees that such items were subject to lawful seizure, and that no defense exists to the seizure of that property. As such, the defendant hereby relinquishes all claim, title, and interest the defendant has in the above-stated property to the United States of America and agrees not to seek return of property pursuant to Rule 41 of the Federal Rules of Criminal Procedure or any other legal authority.

5.    If the Court imposes a fine or restitution as part of a sentence of incarceration, Jaymer Ferrell agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of the defendant's prison salary will be applied to pay the fine or restitution.

6.    At the time Jaymer Ferrell enters the defendant's plea of guilty, the defendant will deposit a special assessment of $25 in the form of cash,

Page 3

check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

7. Jaymer Ferrell waives any former jeopardy or double jeopardy claims the defendant may have in or as a result of any related civil or administrative actions.

8. Jaymer Ferrell waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

   (a) If the United States appeals from the sentence, Jaymer Ferrell may take a direct appeal from the sentence.

   (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Jaymer Ferrell may take a direct appeal from the sentence.

   Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.

   Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

9. In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania, agrees to the following:

1. The United States retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Jaymer Ferrell in the offense charged in the Indictment and

Page 4

of any other matters relevant to the imposition of a fair and just sentence, including victim impact.

2.  The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility.  However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1 or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and/or motion.

3.  The United States will take any position deemed appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C.  Jaymer Ferrell and the United States Attorney, further understand and agree to the following:

1.  The penalty that may be imposed upon Jaymer Ferrell at the lesser-included offense at Count One is:

    (a)  A term of imprisonment of not more than 1 year;

    (b)  A fine of not more than $100,000;

    (c)  A term of supervised release of not more than 1 year;

    (d)  A special assessment under 18 U.S.C. § 3013 of $25; and

    (e)  Mandatory restitution under 18 U.S.C. §§ 3663, 3663A, and 3664.

2.  The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

3.  The parties stipulate that the loss amount attributable to Jaymer Ferrell in this case for the purposes of § 2B1.1 of the Sentencing Guidelines is $1,000 or less.  This stipulation represents the parties' best understanding on the basis of the information available as of the date of this agreement. This stipulation is not binding on the Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.  The foregoing stipulation does not preclude either party from seeking guideline enhancements or reductions as to factors which are not the subject of the stipulation.

4.  The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement.  Jaymer Ferrell acknowledges that the willful failure to pay any fine may subject the

Page 5

defendant to additional criminal and civil penalties under 18 U.S.C. § 3611 et <u>seq.</u>

5.  This agreement does not preclude the government from pursuing any civil or administrative remedies against Jaymer Ferrell or the defendant's property.

6.  If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand.  In that event, the United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges and/or pursue additional charges against the defendant.  The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

    Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court.  A breach of this plea agreement shall be established by a preponderance of the evidence.

7.  Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement.  The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Jaymer Ferrell and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

TROY RIVETTI
United States Attorney

NICOLE VASQUEZ SCHMITT
Assistant United States Attorney

I have received this letter from my attorney, Elizabeth Patton, Esquire, have read it and discussed it with her, and I understand the terms of the Agreement.  I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney

Page 6

for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
JAYMER FERRELL

_____
Date

Witnessed by:

_____
ELIZABETH PATTON, ESQUIRE
Counsel for Jaymer Ferrell